UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARA MASONER, ) | |
| ) | |
| Plaintiff, ) | 3:11-cv-0233-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC; et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion to dismiss and expunge lis pendens. Doc. #23.[1] Plaintiff Kara Masoner ("Masoner") filed an opposition to the motion (Doc. #37) to which Freddie Mac replied (Doc. #39).

**I.   Facts and Procedural History**

In January, 2006, Masoner purchased real property through a mortgage note and deed of trust originated by Mann. Eventually, Masoner defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Masoner filed a complaint against defendants alleging four causes of action: (1) injunctive relief; (2) declaratory relief; (3) quiet title; and (4) tortious breach of the covenants of good faith and fair dealing. Doc. #1, Exhibit A. Thereafter, Freddie Mac filed the present motion to

---

[1] Refers to the court's docket number.

dismiss and expunge lis pendens. Doc. #23.

## II.     Legal Standard

Freddie Mac seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing

more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.  Discussion

#### A.  Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, the underlying property has already been foreclosed upon and sold at a trustee's sale. Thus, Masoner no longer has any interest in the property.

Further, because the property has already been sold, no defendant is claiming an interest to the property that is adverse to Masoner. Therefore, Masoner has no grounds to quiet title against defendants.

#### B.  Tortious Breach of Good Faith and Fair Dealing

Masoner alleges that defendants breached their fiduciary duties in their dealings with her and by allowing the property to be foreclosed upon. *See* Doc. #1, Exhibit A.

Generally, a lender, or an assignee of an original lender, does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Absent a duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989). Here, Masoner has failed to allege that there was a special relationship between her and the defendants other than a standard arms-length loan transaction. Further, Masoner does not identify any action taken by defendants that would constitute a violation of the covenants of good faith and fair dealing absent a fiduciary relationship. Because Masoner has failed to allege sufficient facts to establish that there was a fiduciary relationship between her and the defendants, the court finds that Masoner fails to state a claim for tortious breach of the covenants of good faith and fair dealing.

**C. Injunctive and Declaratory Relief**

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after she has sufficiently established and proven her claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief); *State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 860 P.2d 176, 178 (Nev. 1993) ("It is axiomatic that a court cannot provide a remedy unless it has found a wrong. [T]he existence of a right violated is a prerequisite to the granting of an injunction."). Here, Masoner fails to establish any claim for relief. Accordingly, she is not entitled to injunctive or declaratory relief.

IT IS THEREFORE ORDERED that defendant's motion to dismiss and expunge lis pendens (Doc. #23) is GRANTED. Defendant Federal Home Loan Mortgage Corporation is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that within ten (10) days of entry of this order defendant Federal Home Loan Mortgage Corporation shall prepare an appropriate order expunging lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 22nd day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE